# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DARRIN C. GOOD,**

    **Plaintiff,**

                                   **Civil Action 2:11-cv-00857**
**v.**                               **Judge James L. Graham**
                                   **Magistrate Judge E.A. Preston Deavers**

**OHIO DEPARTMENT OF**
**REHABILITATION AND**
**CORRECTIONS**, *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court for an initial screen of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff, a *pro se* prisoner, attempts to bring this action against the Ohio Department of Rehabilitation and Corrections ("ORDC") and several of its employees alleging violations of the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15601 *et seq*. For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action for failure to state a claim.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the

---

[1]Formerly 28 U.S.C. § 1915(d).

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*      \*      \*
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31; *see also* 28 U.S.C. § 1915A (requiring the Court to screen a prisoner's complaint "as soon as practicable" and dismiss any portion of a the complaint if it is frivolous, malicious, or fails to state a claim). Thus, § 1915(e) and § 1915A require *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 566 U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of

the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Within his Complaint, Plaintiff maintains that Defendants have violated the PREA. Specifically, Plaintiff contends that he was the victim of sexual harassment by another inmate, whom plaintiff refers to as "Isa," at the Hocking Correctional Facility. According to Plaintiff, two to three days after he reported the incident, the Facility placed Isa in segregation and began an investigation. Plaintiff asserts that officials eventually found that Isa did commit the action in question. Following this finding, however, Isa was placed back into the general population and proceeded to spread rumors regarding Plaintiff. Plaintiff asserts that after he requested a grievance form regarding this conduct, Plaintiff was placed in segregation. It appears that later, prison officials removed Plaintiff from segregation and Isa was returned to segregation. Eventually, Isa's security level was raised and officials transferred him to another prison. Nevertheless, Plaintiff maintains that Defendants should not have released Isa, whom he labels as a sexual predator, back into the general prison population, and, in the process of doing so, failed to follow proper procedures pursuant to PREA.

Taking the facts alleged to be true and construing Plaintiff's *pro se* Complaint liberally, as the Court must, the undersigned finds that Plaintiff's Complaint fails to state a claim.[2] Plaintiff's Complaint specifically fails because the PREA does not create a private cause of action. As the Supreme Court has held, "where the text and structure of a statute provide no

---

[2] The Court also notes that Defendant the ODRC is immune from suit pursuant to the Eleventh Amendment.

indication that Congress intends to create new individual rights, there is no basis for a private suit . . . ." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002). Although the PREA was certainly designed to raise awareness regarding occurrences of rape in prisons, nothing in the statute indicates an intent to give specific rights to prisoners. *See* 42 U.S.C. § 15602 (stating the purposes of the PREA); *see also Green v. Brown*, No. 10–cv–02669, 2011 WL 3799047, at *3 (D. Co. Aug. 29, 2011) ("The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue . . . The statute does not grant prisoners any specific rights."). The undersigned notes that a variety of other district courts have reached similar conclusions. *McNaughton v. Arpaio*, No. CV 10-1250, 2010 WL 289907, at *3 (D. Az. July, 22, 2010) (holding, and collecting cases to support the notion that, the PREA does not "give rise to a private cause of action").

Even construing Plaintiff's Complaint liberally as an attempt to state an Eighth Amendment conditions of confinement claim, the undersigned finds Plaintiff has failed to plead sufficiently specific facts to state a claim for relief. As the United States Court of Appeals for the Sixth Circuit has recognized, "[t]o raise a cognizable constitutional claim for deliberate indifference to an inmate's safety, an inmate must make a two-part showing: (1) the alleged mistreatment was objectively serious; and (2) the defendant subjectively ignored the risk to the inmate's safety." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011). Accordingly, a prisoner must demonstrate that his conditions of confinement posed a substantial risk of serious harm, and that the prison officials deliberately disregarded the risk. *Id*. Here, the Court is unwilling to find that the lone action of placing Isa back into the general prison population, is sufficiently serious to state a claim for constitutional indifference to Plaintiff's safety. By placing Isa back into the general prison population Defendants may have enabled Isa to spread rumors regarding Plaintiff.

4

Plaintiff's pleadings, however, do not demonstrate that following Isa's release into the general population Plaintiff faced a serious risk of harm or that Defendants failed to protect Plaintiff from Isa. Rather, the facts Plaintiff pleads indicate that following his complaints, prison officials segregated Plaintiff from Isa, and eventually transferred Isa to another facility.

Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation

omitted)).

Date: November 3, 2011                    /s/ *Elizabeth A. Preston Deavers*
                                         Elizabeth A. Preston Deavers
                                         United States Magistrate Judge